**George E. CONNER and Dorothy P. Conner, Plaintiffs-Appellees,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. 29072.**

United States Court of Appeals, Fifth Circuit.

May 19, 1971.

Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., Daniel L. Penner, Atty., Tax Div., Dept. of Justice, Fort Worth, Tex., James R. Gough, Asst. U. S. Atty., Houston, Tex., Daniel B. Rosenbaum, Atty., Dept. of Justice Tax Div., Washington, D. C., for appellant.

Robert L. Waters, Harold A. Chamberlain, Houston, Tex., for appellees.

SUPPLEMENTAL OPINION

Before COLEMAN, INGRAHAM, and WILKEY,* Circuit Judges.

PER CURIAM:

In our original opinion in this case, 439 F.2d 974, we used the following language:

"The appellate appendix is silent as to any objections entered at the close of the charge as required by Rule 51 of the Federal Rules of Civil Procedure, nor does the appendix show that attorneys were given an opportunity to object as required by said rule. We can only infer, although the appendix does not show it, that it was agreed between the parties and the trial court that the rejection of the proposed instructions would without further formality be preserved on appeal. This, however, is not the way to try a case which may terminate in the Court of Appeals. Rule 51 should be scrupulously complied with and the objections clearly stated at the trial level if error in the instructions is to be urged as the basis for reversal. * * * "

Since the publication of the foregoing opinion, this Court has been supplied with a duly certified official transcript of the proceedings in the trial court after the jury retired. The supplemental record, not included in the Appendix submitted by the parties on the original appeal, reflects beyond question that the charge in this case had been prepared in written form, delivered to the attorneys, and fully discussed by them before the charge was given to the jury, a procedure to which the attorneys agreed.

The supplemental record further reflects that the attorney for the Government fully stated his objections to the jury charge, covering issues decided in the original opinion and thus not repeated here. Moreover, he was allowed to argue his objections.

Our statement with reference to compliance with Rule 51 will be adhered to, but in justice to the District Judge who tried this case below, we issue this supplemental opinion for the purpose of eliminating any idea that the trial judge failed, in any way, to conform to Rule 51.

* Judge of the United States Court of Appeals for the District of Columbia, sitting by designation.